# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK BARBOZA,<br><br>        Plaintiff,<br><br>   v.<br><br>T. BILLINGS,<br><br>        Defendant. | CASE NO. 1:09-cv-01568-GSA PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983, AND DIRECTING CLERK'S OFFICE TO ENTER JUDGMENT<br><br>(Doc. 1) |

**Screening Order**

**I.    Screening Requirement**

Plaintiff Derek Billings, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 4, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). "[P]laintiffs [now] face a higher burden of pleadings facts . . ," Al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009), and while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## II.     **Plaintiff's Section 1983 Claims**

### A.     **Allegations**

Plaintiff brings this civil rights suit against Kern Valley State Prison Appeals Coordinator T. Billings for screening out Plaintiff's inmate appeal. The appeal at issue requested that Kern Valley State Prison comply with California Penal Code section 5068, transfer Plaintiff to California State Prison-Lancaster, and recognize that Plaintiff is eligible for a 270 level prison design. On August 6, 2009, the appeal was screened out by Defendant Billings on the ground that it was a request for information rather than an appeal, and Plaintiff was directed to request an interview with his counselor.

Plaintiff alleges that Defendant Billings failed to perform his duties in compliance with applicable Title 15 regulations and the California Government Code, and in failing to do so, violated Plaintiff's rights under the First, Fifth, and Fourteenth Amendments of the United States Constitution. The basis for Plaintiff's claim is his belief that his appeal was wrongfully rejected by Defendant Billings and that the rejection of his appeal prevents him from exhausting his claim, which is a prerequisite to litigation of constitutional violations in federal court. 42 U.S.C. § 1997e(a).

///

B.  **Violation of State Law and Due Process Clause**

To the extent that Defendant Billings violated state law, section 1983 provides no avenue for redress as the violation of state law does not form the basis for a federal constitutional claim. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009); Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997). Further, Plaintiff may not proceed on a claim for violation of the Due Process Clause because there is no federally protected interest at stake with respect to the prison grievance system. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001).

C.  **Denial of Access to the Courts**

Plaintiff's claim for denial of access to the courts also fails. Because Plaintiff does not have a constitutionally protected right to a grievance procedure or to the processing of his grievances, e.g., Ramirez, 334 F.3d at 860, Defendant's decision to screen out Plaintiff's appeal, without more, provides no basis for the imposition of liability under section 1983. Under certain circumstances not presented here, the wrongful rejection of an appeal that leads to the dismissal of qualifying litigation might give rise to a claim for denial of access to the courts. See Lewis v. Casey, 518 U.S. 343, 351-55 (1996). However, until and unless Plaintiff suffers an "actual injury" to a case as a result of a wrongful rejection of his appeal, no claim for denial of access to the courts accrues. Id.

In this instance, Plaintiff filed suit on September 4, 2009, at which time no actual injury had yet occurred as a result of the rejection of Plaintiff's appeal on August 6, 2009. Further, it is virtually certain that an actual injury to qualifying litigation will not occur. Plaintiff does not have a constitutional right to be housed at a particular prison or in a particular prison design, Sandin v. Conner, 515 U.S. 472, 484 (1995); Olim v. Wakinekona, 461 U.S. 238, 244-45 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976), and in the absence of the appeal of facts or issues which would form the basis for a future viable section 1983 claim, a wrongful infringement on Plaintiff's ability to pursue and exhaust the appeal will not cause Plaintiff to suffer an actual injury to qualifying litigation, a prerequisite to pursuing a constitutional claim for denial of access to the courts. Nevertheless, the Court will dismiss the claim for denial of access to the courts without prejudice, in an abundance of caution.

### III.     **Conclusion and Order**

Plaintiff's complaint fails to state a claim for relief under section 1983.  Because the deficiencies identified are not amenable to being cured by amendment, leave to amend shall not be granted.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  This action is HEREBY ORDERED dismissed, with prejudice as to the due process claim and without prejudice as to the access to the courts claim, for failure to state a claim under section 1983.  The Clerk's Office shall enter judgment.


IT IS SO ORDERED.

**Dated:   February 19, 2010**                    **/s/ Gary S. Austin**
                                                               UNITED STATES MAGISTRATE JUDGE