# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK BARBOZA,<br><br>           Plaintiff,<br><br>     v.<br><br>T. BILLINGS, et al.,<br><br>           Defendants.<br>                                          / | CASE NO. 1:09-cv-01568-GSA PC<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTION TO, AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Doc. 11) |

Plaintiff Derek Billings, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 4, 2009. In the Complaint, Plaintiff alleges that Defendant Billings failed to perform his duties in compliance with applicable Title 15 regulations and the California Government Code, and in failing to do so, violated Plaintiff's rights under the First, Fifth, and Fourteenth Amendments of the United States Constitution. (Doc. 1.) An order dismissing the action with prejudice for failure to state a claim under Section 1983 was filed on February 19, 2010. (Doc. 9.) On March 10, 2010, Plaintiff filed a motion objecting to and seeking reconsideration of the Court's order dismissing the action for failure to state a claim under section 1983 and directing the Clerk's office to enter judgment.[1]  (Docs. 9, 11.)

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  <u>Harvest v. Castro</u>, 531 F.3d

---

[1] This is a consent case, and therefore, Plaintiff is not entitled to have his objections reviewed by a district judge.  Appendix A(k)(4) of the Local Rules of the Eastern District of California.

1

1  737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must
2  demonstrate both injury and circumstances beyond his control . . . ."  Id. (internal quotation marks
3  and citation omitted).  In seeking reconsideration of an order, Local Rule 78-230(k) requires Plaintiff
4  to show "what new or different facts or circumstances are claimed to exist which did not exist or
5  were not shown upon such prior motion, or what other grounds exist for the motion."

6        "A motion for reconsideration should not be granted, absent highly unusual circumstances,
7  unless the district court is presented with newly discovered evidence, committed clear error, or if
8  there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma
9  GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted,
10 and "[a] party seeking reconsideration must show more than a disagreement with the Court's
11 decision, and recapitulation . . . " of that which was already considered by the Court in rendering its
12 decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

13       The basis for Plaintiff's motion for reconsideration is his disagreement with the Court's
14 screening decision and the Court's application of the law to his complaint.  Plaintiff has not shown
15 clear error or other meritorious grounds for relief, and has therefore not met his burden as the party
16 moving for reconsideration.  Marlyn Nutraceuticals, Inc., 571 F.3d at 880.  Plaintiff's disagreement
17 is not sufficient grounds for relief from the order.  Westlands Water Dist., 134 F.Supp.2d at 1131.
18       Plaintiff's motion is HEREBY DENIED, with prejudice.

20    IT IS SO ORDERED.
21     Dated:   **March 23, 2010**        /s/ **Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE